# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the JEFFERSON COUNTY BOARD OF HEALTH, | ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| DRUMMOND COMPANY, INC., d/b/a ABC COKE, | ) ) ) |
| Defendant. | ) |

Case No. 2:19-cv-00240-AKK

**OPPOSED**

## PROPOSED MOTION OF GASP TO INTERVENE AND MEMORANDUM OF LAW

Gasp, a nonprofit group focused on fighting air pollution, seeks to intervene in this action as a matter of statutory right under Federal Rule of Civil Procedure Rule 24(a)(1), or alternatively under Rule 24(a)(2) based upon Gasp's compelling interest in the subject matter of this lawsuit.[1]

The United States (representing the Environmental Protection Agency, "EPA") and Jefferson County Board of Health ("JCBH") (directing the Jefferson County Department of Health, "JCDH") have represented to Gasp that they do not oppose the motion, with the condition that they may file a response regarding the

---

[1] As required by Rule 24(c), Gasp's proposed Complaint in Intervention is attached.

scope of Gasp's intervention. Drummond reserves its right to oppose the motion upon reviewing this filing.

## I. FACTUAL BACKGROUND

On May 2011, the EPA and JCDH conducted an extensive inspection at Drummond's ABC Coke by-product recovery plant. Doc. 2-1 at 1. After receiving additional information from Drummond in 2012, EPA determined that Drummond was "not achieving adequate compliance with the requirements of the CAA and its Title V Permit." Doc. 7-8 at 14. After a follow up inspection in 2014, the EPA and JCBH found Drummond had been violating the CAA since at least 2007, potentially since 1990. Doc. 1 at 12-13, Doc. 2-1 at 3, Doc. 7-6 at 11. Many of these violations relate to fugitive benzene emissions and the failure to report the correct amount of benzene, a highly carcinogenic material, in its waste streams. Doc. 7-8 at 16-17. On August 14-17, 2018, Plaintiffs inspected again, and again found benzene leaks at four specified locations. Doc. 7-7 at 10. On September 11, 2018, Gasp, formally requested EPA inspection records related to the facility under the Freedom of Information Act.

On February 8, 2019, Plaintiffs filed this case against Drummond alleging multiple and ongoing violations of the Clean Air Act (CAA) and its Title V permit. Doc. 1. The same day, Plaintiffs attached a proposed Consent Decree, purporting to adequately address and remedy those violations. Doc. 2-1. The comment period

required by 28 C.F.R. § 50.7 on the proposed Consent Decree ran from February 14, 2019 to July 17, 2019. Doc. 7-1 at 4. During this time, Gasp raised questions about the Consent Decree and requested meetings with the agencies. Doc. 7-6 at 9-10. These questions went unanswered and the meeting requests were denied. *Id.* Gasp submitted extensive comments requesting modification and supplementation of the Consent Decree. Doc.7-6, 1-88.

On January 14, 2020, EPA filed a motion seeking approval of the Consent Decree and attached its response to public comments. Doc. 7, 7-1, Doc. 7-3. None of Gasp's substantive comments or suggestions were implemented. Doc. 7-1 at 14. On January 15 and January 17th, 2020, JCBH and Drummond, respectively, joined EPA's motion. On January 21, 2020, JCBH filed a motion to amend its joinder to correct a misstatement about Gasp. Doc. 11.

The plant is less than a mile from some of Gasp's members' homes, and has caused injury to its members for decades. For example, Gasp members Charlie Powell and Jimmy Smith live in the area and complain of health issues that they reasonably believe are caused by ABC Coke emissions. Exhibit 1, Declaration of Mr. Smith at ¶¶ 5-9 (He has cancer and his three daughters all have cancer or hyperpigmentation, so he tries to spend some nights with his daughter in Bessemer to avoid the pollution.) Exhibit 2, Declaration of Mr. Powell at ¶¶ 7-10 (His wife has cancer, so they try and avoid the area.). The plant, which includes a coke by-

product recovery plant, operates twenty-four hours per day, seven days per week, 365 days per year. Doc. 1 at ¶ 57.

ABC Coke's pollution was the genesis of a sprawling criminal conspiracy that resulted in corruption indictments of a Drummond executive, its lawyers at Balch & Bingham, and state and federal regulators. Further, the JCDH publicly declared for years that this plant was in compliance with all air regulations, when they knew for almost a decade that was untrue. Doc. 7-6 at 8-9. In 2014, when EPA asked JCDH to state on a permit record that EPA and JCDH had "identified possible areas of concern" at inspections, a review of pertinent documents shows that JCDH failed to do this and continued to state that the plant was in compliance. Exhibit 3, August 4, 2014, Memo from Randy Terry, EPA to Johnathan Stanton, JCBH; Doc. 7-6 at 6. EPA also failed to make at least a decade of known violations public until 2019, after the statute of limitations passed on several of these violations.

Against that sordid backdrop, the parties filed the proposed Consent Decree. Among other short cummings, this Consent Decree requires no final independent audit to determine that the entire plant achieves full compliance with the CAA after implementing remedial steps, requires Drummond to pay a mere $387,500 to the Department of Justice and $387,500 to the JCBH, does not return a cent back to the community that was harmed, has no long- term solution, such as a fence-line air

toxic monitor or a requirement to continue monitoring with the infrared camera in the future to keep the leaks from occurring, and does not guarantee that all the testing and compliance documents required by this Consent Decree will be publicized. This is contra to precedents set in consent decrees with the EPA and other coke plants. *See* Doc. 7-6.

## II. GASP HAS A STATUTORY RIGHT TO INTERVENE PURSUANT TO RULE 24(a)(1)

Pursuant to Rule 24(a)(1), "[o]n timely motion, the court *must* permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute . . . " Fed. R. Civ. P. 24(a)(1) (emphasis added). The CAA gives Gasp "an unconditional right to intervene" through the combined force of Sections 304(a) and 304(b) of the Act. Section 304(a), the citizen suit provision, authorizes any person to "commence a civil action on his own behalf--against any person . . . who is alleged to have violated . . . (A) an emission standard or limitation under this chapter . . . " 42 U.S.C. § 7604(a)(1). However, under Section 304(b),

> No action may be commenced under subsection (a)(1)(A) of this section . . . if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation, or order, *but in any such action in a court of the United States any person may intervene as a matter of right.*

42 U.S.C. § 7604(b)(1)(B) (emphasis added). Here EPA is prosecuting a civil action in federal court to require compliance with limitations and standards of the CAA. Thus, Gasp, a person under the Act, may not bring a separate action alleging

5

the same violations, but it has the right to intervene as a matter of right. *Id*; *United States v. Blue Lake Power, LLC*, 215 F. Supp. 3d 838, 841 (N.D. Cal. 2016); *Baughman v. Bradford Coal Co.,* 592 F.2d 215, 219 (3rd Cir. 1979); *Delaware Valley Citizens' Council for Clean Air v. Com. of Pa*., 674 F.2d 970, 973 (3d Cir. 1982); *United States v. The Doe Run Resources Corp.*, No. 4:10CV01895 JCH, 2011 WL 251093, at *1-3 (E.D. Mo.) (permitting intervention as a matter of right under the CAA by a neighboring property owner affected by the pollution); *United States v. Duke Energy Corp.*, 171 F. Supp. 2d 560, 562-63 (M.D.N.C. 2001) ("Section 304(b)(1)(B) curtails the right to initiate a citizen suit under Section 304(a)(1), but permits intervention as a matter of right."); *United States v. DeKalb City., Ga.*, No. 1:10-CV-4039-WSD, 2011 WL 6369569, at *2 (N.D. Ga. Oct. 11, 2011) (granting environmental group intervention as a matter of right under the Clean Water Act, which has an almost identical citizen suit provision as the CAA to challenge provisions of a consent decree); *United States v. Hooker Chemicals and Plastics,* 540 F. Supp. 1067, 1082 (W.D. N.Y 1982) (granting citizen groups granted intervention as a matter of right in Clean Water Act enforcement suit to challenge a proposed consent decree).

    As the court explained in *Duke Energy*, the dispositive question is simply whether the government is enforcing against any violation of an "emission standard or limitation" under the CAA, which includes "any permit term or

condition,"[2] at the time of the requested intervention. 171 F. Supp. 2d at 565. Here, Plaintiffs state in the Complaint that this is an action "with respect to violations of the requirements of the CAA" and Drummond's Title V permit. Doc. 1 at ¶ 1, 96.

The citizen's right to both bring suits and to intervene is intended "to both goad the responsible agencies to more vigorous enforcement of the anti-pollution standards and, if the agencies remain inert, to provide an alternate enforcement mechanism." *Baughman*, 592 F.2d at 218 (citing S. Rep. No. 1196, 91st Cong., 2d Sess. 2, 35-36 (1970); Comments of Senator Muskie and Senator Boggs, 116 Cong. Rec. (1970) at pp. 32902, 32918). "In enacting § 304 of the 1970 Amendments, Congress made clear that citizen groups are not to be treated as nuisances or troublemakers but rather as welcomed participants in the vindication of environmental interests." *Friends of the Earth v. Carey*, 535 F.2d 165, 172 (2nd Cir. 1976). Because the text of Rule 24 and case law is clear, Gasp "must" be allowed to intervene as a matter of right as long as the motion is timely.

### A. This Motion is Timely.

A party seeking to intervene as a matter of right must demonstrate that the application to intervene is timely. *Purcell v. BankAtlantic Fin. Corp.,* 85 F.3d 1508, 1512 (11th Cir. 1996). "[T]imeliness is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth v.*

---

[2] Defined at 42 U.S.C. § 7604(f)(4).

*Monsanto* Co., 558 F.2d 257, 263 (5th Cir. 1977). To assess timeliness, courts in the Eleventh Circuit consider the following factors:

> 1. The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017) (citation and brackets omitted).

Gasp did not "know of its interest" in objecting to the proposed Consent Decree until EPA requested this Court to enter it on January 14, 2020, without accepting any of Gasp's substantive comments and objections. Thus, the length of time Gasp knew of the basis to intervene is 14 days. Further, "[m]ere knowledge of the pendency of an action . . . is not the specific event that triggers a need to intervene . . . " *DeKalb City*, 2011 WL 6369569 at *6 (citing *Stallworth*, 558 F.2d at 264-65) (explaining that intervenor's interest was not confirmed until it learned that plaintiff and defendant had moved for entry of the Consent Decree). Indeed, intervention prior to this point, when the possibility that Gasp's requests would be included in the final Consent Decree would have likely been deemed premature. *Blue Lake Power, LLC*, 215 F. Supp. 3d at 841-42 (ruling that motion to intervene to oppose a proposed CAA consent decree was timely when intervention was

8

sought after the comments had been answered and before the proposed consent decree had been approved).

In *Stallworth*, the court held that timeliness of intervention under Rule 24(a) does not include consideration of prejudice to the existing parties based on the text of Rule 24(a) which, unlike Rule 24(b) (permissive intervention), does not contain a requirement to consider such prejudice. 558 F.2d at 265. Thus, under that precedent, any alleged prejudice to the existing parties is irrelevant. Even if prejudice to existing parties is relevant, the pertinent time period is the gap between when Gasp learned of the basis for intervention and when it sought intervention, 14 days. Either way, there is no prejudice to the other parties, because they were aware of Gasp's views (via its comments) and chose to disregard them in the proposed Consent Decree, and a 14-day delay had no impact on the litigation. *Blue Lake Power, LLC*, 215 F. Supp. 3d at 842 ("No prejudice attaches because the Tribe had participated in the administrative process and voiced concerns about the decree."); *United States v. Ketchikan Pulp Co.,* 74 F.R.D. 104, 107 (D. Alaska 1977) (finding that parties to a consent decree were not prejudiced by proposed intervenors as the parties should have known about the possibility of intervention under the environmental statute and fashioned the consent decree to allow time for this procedure). In contrast, Gasp would suffer great prejudice if not permitted to intervene, as the concerns of the parties it represents and seeks to

9

provide a voice for, the citizens and communities harmed by the air pollution at issue, would be ignored. Finally, no unusual circumstances cut against a determination that the application is proper and timely.

### III. INTERVENTION AS OF RIGHT PURSUANT TO RULE 24(a)(2)

In the alternative, Gasp has a right to intervene pursuant to Rule 24(a)(2). The factors established in *Estate of Steward v. McCay*, are met. No. 5:15-CV-00653-AKK, 20145 WL 12765996, at *1 (N.D. Ala. Dec. 8, 2015). Gasp's intervention is timely; it has an interest in the subject of this action because its members are impacted by the ongoing CAA violations; entry of this Consent Decree will prevent Gasp from bringing a separate action to abate the CAA violations, so intervention now is the only way for Gasp's interest to be represented. *See* 42 U.S.C. § 7604(b)(1)(B). Finally, the existing parties do not adequately represent Gasp's interest as seen in EPA's response to Gasp's comments.

### IV. CONCLUSION

For the reasons stated, Gasp respectfully requests that the Court grant this motion to intervene and thereafter allow Gasp sufficient opportunity to challenge whether the Consent Decree is fair, reasonable, and consistent with the CAA.

Respectfully submitted this the 28th day of January, 2020.

**<u>s/ Sarah Stokes</u>**
Sarah Stokes (ASB-1385-A55S)
Barry Brock (ASB-9137-B61B)
Southern Environmental Law Center
2829 Second Avenue S., Ste. 282
Birmingham, AL 35233
tel: (205) 745-3060
fax: (205) 745-3064
sstokes@selcal.org
bbrock@selcal.org

*Attorneys for Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2020, I served the foregoing *Proposed Motion of Gasp to Intervene and Memorandum of Law* with the Clerk of the Court using the CM/ECF system, which will serve notification of such filing to the parties below:

Andrew W. Ingersoll
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice 601 D Street NW Washington, DC 20004
202-514-1999
*andrew.ingersoll@usdoj.gov*

Robert W Caplan
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street
Atlanta, GA 30338
404-562-9520
*caplan.robert@epa.gov*

and by U.S. Mail to:
Ellen M. Mahan
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

*Attorneys for Plaintiff United States of America*

David S. Maxey
Wade C. Merritt
SPAIN & GILLON LLC
2117 Second Avenue North
Birmingham, AL 35203
*dsm@spain-gillon.com*
*wcm@spain-gillon.com*

*Attorneys for Plaintiff Jefferson County Board of Health*

Richard E. Davis
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
*red@starneslaw.com*

Robert B. McKinstry, Jr.
Romeade Farm
548 School House Road
Kennett Square, Pennsylvania 19348
Telephone: (484) 467-3207
*bobby@robertbmckinstryjr.com*

*Attorneys for Defendant Drummond Company Inc., d/b/a ABC Coke*

This the 28th day of January, 2020.

**s/ Sarah Stokes**