FILED
2020 Feb-04  AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

ANDREW W. INGERSOLL
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
andrew.ingersoll@usdoj.gov
Telephone:  (202) 514-1999

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, and the JEFFERSON COUNTY BOARD OF HEALTH, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 2:19-cv-00240-AKK |
| v. | ) ) | UNITED STATES' CONDITIONAL NON-OPPOSITION TO GASP'S |
| DRUMMOND COMPANY, INC. d/b/a ABC COKE | ) ) ) | MOTION TO INTERVENE |
| Defendant. | ) ) ) | |

## I.     INTRODUCTION

Plaintiff, the United States of America, respectfully submits this response to Gasp's Motion to Intervene.  DN 12.

The United States does not oppose Gasp's request to intervene in this action, so long as its participation is appropriately limited given the nature of these proceedings.  Specifically, the United States does not object to an order providing Gasp the opportunity to: (1) receive notice of all official court proceedings; (2) file a brief responding to the United States' Motion to Enter Consent Decree ("CD"); (3) to present oral argument at any hearing that the Court may hold regarding the proposed CD; and (4) to file an appeal should this Court enter the CD.  However, as discussed more fully below, because the United States has fully resolved its dispute with the defendant in this action, it would object to any further litigation activity by Gasp.

## II.     BACKGROUND

The United States has filed a Motion to Enter Consent Decree (DN 7) that sets forth in detail the relevant background for the instant motion to intervene.  In summary, the United States lodged the proposed CD the same day that the complaint was filed.  The complaint asserts violations of the federal Clean Air Act, 42 U.S.C. §§ 7401 *et seq*., and its implementing regulations, and companion regulations of the Jefferson County Board of Health ("JCBH"), related to the coke

by-product recovery plant owned by Drummond Company, Inc. d/b/a ABC Coke

("Drummond").  The proposed CD resolves *all* of the alleged violations with,

among other elements, injunctive relief to correct alleged violations not previously

corrected and the payment of a civil penalty.  The United States' Motion to Enter

Consent Decree (DN 7) followed a lengthy public comment period, which included

the receipt of comments on the CD from Gasp (among others), and included as

support for its entry a 31-page response to those comments, and supporting

declarations.  The United States concluded that none of the comments warranted

materially altering the CD, although it filed a First Agreement on Minor

Modifications to the Consent Decree, signed by all parties.  DN 7-2.  Defendant

Drummond and co-plaintiff JCBH each joined in the Motion to Enter.  DN 8-9.

## III.   ARGUMENT

The United States does not contest that Gasp has a right to intervene in this

matter under Federal Rule of Civil Procedure 24(a)(1) and Section 304(b)(1)(B) of

the Act, 42 U.S.C. § 7604(b)(1)(B).[1]  Nor does the United States contend that the

---

[1] Gasp attached a proposed complaint in intervention to its motion, as its proposed pleading required by Rule 24(c), but it is virtually identical to that filed by the United States and JCBH. Permitting the proposed complaint by Gasp to be *filed*, where the United States is already "diligently prosecuting" the same claims, is not at all clear in light of the statutory bar under Section 304(b)(1)(B) of the Act.  42 U.S.C. § 704(b)(1)(B).  The United States reserves its right to challenge any such pleadings should the Court permit them to be filed.

motion to intervene was untimely.[2]  However, because the *scope* of intervention Gasp seeks is unclear, and because the United States has fully resolved its claims against Drummond, the United States responds to ask this Court to place limitations on any such intervention.

The sole indication of the degree to which Gasp seeks to participate in this litigation is in the conclusion to its motion.  It asks this Court to "allow Gasp sufficient opportunity to challenge whether the Consent Decree is fair, reasonable, and consistent with the CAA."  DN 12 at 10.  If "sufficient opportunity" is limited by this Court to only filing a brief in opposition to the motion to enter, participating in any oral argument, and having a right of appeal, then the United States does not opposes intervention.

### A. Limits on Gasp's Intervention are Necessary and Appropriate Because a Consent Decree has Already Been Lodged.

Although the scope of intervention sought by Gasp is unclear, what is clear is that this Court may impose reasonable conditions on Gasp's participation.  As emphasized by the Advisory Committee Notes to Rule 24, even "intervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."  Fed. R.

---

[2] Gasp alleges various facts in its brief related to the CD.  The United States does not agree with some of them.  Instead of addressing them here, the United States would address those later in a reply to Gasp's opposition to the Motion to Enter.

Civ. P. 24, 1966 advisory committee notes.  "[I]t is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right."  *Beauregard*, *Inc*. *v*. *Sword Servs*., *LLC*, 107 F.3d 351, 352-53 (5th Cir. 1997); *accord United States v*. *South Fla*. *Water Mgmt Distr*., 922 F.2d 704, 710 (11th Cir. 1991) (FN omitted) (Intervention under the Clean Water Act allowed, with instructions to district court "to condition . . . intervention in this case on such terms as will be consistent with the fair, prompt conduct of this litigation.")  The notion that a court may impose conditions on an intervenor as of right is "not an innovative suggestion but [is] instead the recognition of a well-established practice."  *Shore v*. *Parklane Hosiery Co*., *Inc*., 606 F.2d 354, 356 (2d Cir. 1979) (citations omitted).

Here, there is no need to provide Gasp unfettered intervention.  Gasp's proposed complaint in intervention (DN 12-4) states the same claims for relief as the complaint filed in this matter by the United States and JCBH.  Yet the lodged CD resolves *all* of the claims alleged in that complaint.  DN 2-1, ¶ 74.  In these circumstances, Gasp's participation must be appropriately constrained, as proposed below.

### B.     The Court Should Limit Gasp's Intervention to Participation in Briefs, Hearings, and any Appeal.

As more fully set forth in the United States brief in support of its Motion to Enter the Consent Decree (DN 7-1), the question before this Court is whether the

proposed CD is fair, adequate and reasonable, and consistent with the Clean Air Act.  In light of the standards and policies discussed in the United States' brief on the motion to enter, conditioning Gasp's intervention is warranted to ensure the fair and prompt resolution of this matter and to prevent the alteration of the nature of these proceedings.

The United States proposes that Gasp's action in intervention be limited to:

1)      Receipt of notice of all official court proceedings;

2)      Permission to file a brief responding to the United States' Motion to Enter Consent Decree;

3)      Permission to present oral argument at any hearing that the Court may hold regarding the proposed CD; and,

4)      Permission to file an appeal should this Court issue an order entering the CD.

But to allow any further activities is both unnecessary and contrary to the "overriding public interest in settling and quieting litigation."  *United States v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977); *see also Speed Shore Corp. v. Denda*, 605 F.2d 469, 473 (9th Cir. 1979) ("Settlement agreements conserve judicial time and limit expensive litigation.").  That interest "is particularly strong where the decree has been negotiated by the Department of Justice on behalf of an agency like EPA which is an expert in its field."  *United States v. Chevron U.S.A. Inc.*, 380

F. Supp. 2d 1104, 1111 (N.D. Cal. 2005).  Further litigation would substantially

delay, or possibly eliminate, implementation of injunctive relief here, such as

implementation of the CD's leak detection and repair program – thereby reducing

the benefits achieved by the parties through their extensive negotiation efforts.

Pointedly, the delay or elimination of the injunctive relief, were broader litigation

permitted, is of direct consequence to Gasp and its members in the local

community since the injunctive relief requirements of the CD inure to their benefit

as well as to plaintiffs in this action.

If intervention is granted with the limitations proposed herein, Gasp would

have an opportunity to respond to the United States' motion for entry by

submitting a brief and participating in a hearing should the Court require one.

Additionally, should this Court enter the CD over Gasp's objections, they would be

permitted to appeal the decision.  The United States believes that is all that is

necessary, and all that is required.  Other courts have taken similar paths in

comparable cases.  Illustrative is the approach in *District of Columbia v. Potomac*

*Elec. Power Co.*, 826 F. Supp. 2d 227, 234 (D.D.C. 2011), where the court

permitted formal participation in its consideration of the motion to enter a consent

decree but actually blocked intervention:

> Since the Court will grant the proposed intervenors leave to
> participate as *amici curiae*, as discussed below, the Court will have
> the opportunity to consider all of the proposed intervenors' objections
> to the proposed consent decree in evaluating whether to accept the

consent decree. Thus, denying intervention here will not practically impair the proposed intervenors' ability to protect their interests because they will be able to present their critiques of the consent decree to the Court and because they could not block the consent decree even if intervention were granted.

*See also United States v. Ketchikan Pulp Co.*, 430 F. Supp. 83, 85 (D. Alaska 1997) ("[O]nce intervenors have been given the opportunity to object to the decree they have had an appropriate day in court and a judgment on consent may be entered."). As found by the Supreme Court: "'The right to have its objections heard does not, of course, give the intervenor the right to block any settlement to which it objects.'" *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392 (1982), *quoting Air Line Stewards and Stewardesses Ass'n v. Trans World Airlines*, 630 F.2d 1164, 1169 (7th Cir. 1980).

### C.  Requested Briefing Schedule for Motion to Enter CD.

Further delays to entry of the proposed settlement would result in delayed relief to the plaintiffs and the public, and delayed vindication of the rights and authorities expressed in the underlying statutes and regulations. Therefore, assuming that Gasp is allowed to intervene, the United States requests a prompt briefing schedule, to include the opportunity for all other parties to reply to Gasp's submission. The United States proposes that the Court order a briefing schedule consistent with its Appendix III, Non-Summary Judgment Motion Scheduling order and Submission Guidelines. The attached proposed order includes these

provisions.

## IV.   CONCLUSION

For the foregoing reasons, the United States consents to Gasp's intervention in this matter, but requests the intervention be limited to filing a legal brief in response to the motion to enter the proposed CD and participate in any oral argument, filing an appeal should this Court issue an order entering the CD over GASP's objections, and to receipt of Court notices in this action.  A proposed order consistent with these positions is attached as an exhibit hereto.


Dated: February 4, 2020          /s/ Andrew W. Ingersoll

                                 ANDREW W. INGERSOLL (Ca. Bar 221348)
                                 Trial Attorney
                                 Environmental Enforcement Section
                                 Environment and Natural Resources Division
                                 United States Department of Justice
                                 P.O. Box 7611
                                 Washington, D.C. 20044-7611
                                 Telephone: (202) 514-1999
                                 Fax: (202) 514-0097
                                 E-mail: andrew.ingersoll@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February 2020, the foregoing United States' Conditional Non-Opposition to Gasp's Motion to Intervene was filed with the Clerk of the Court using the CM/ECF system which will send notice of such filing to counsel of record for all parties as listed below:

For Co-Plaintiff Jefferson County Board of Health:

David S. Maxey, Dsm@spain-Gillon.Com
Wade C. Merritt, Wcm@spain-Gillon.Com

For Defendant Drummond Company, Inc.:

Richard E. Davis, Rdavis@starneslaw.Com
Robert B. McKinstry, Bobby@robertbmckinstryjr.Com

For Non-Party Gasp:

Sarah Stokes, sstokes@selcal.org
Barry Brock, bbrock@selcal.org

Respectfully submitted,

Tyaka Mallory
Environmental Enforcement Section
Environment & Natural Resources
Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611