IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the JEFFERSON COUNTY BOARD OF HEALTH, </br></br> Plaintiffs, </br> v. </br></br> DRUMMOND COMPANY, INC., d/b/a ABC COKE, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> Case No. 2:19-cv-00240-AKK |

## PROPOSED INTERVENOR'S REPLY TO RESPONSE ON MOTION TO INTERVENE

All parties agree that Gasp has an unconditional, statutory right to intervene to challenge the proposed Consent Decree ("CD"). The EPA "does not contest that Gasp has a right to intervene in this matter . . . ." Doc. 13 at 3. Drummond and Jefferson County Board of Health join EPA's brief. Doc. 14; Doc. 15. Since no party contests Gasp's intervention, the Court should grant Gasp's motion without considering EPA's other arguments.

EPA claims that Gasp does not describe its intended "scope of intervention." Doc. 13 at 4. However, as an established rule, an "'intervenor is treated as if [it] were an original party and has equal standing with the original parties.'" *In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1246 (11th Cir. 2006) (citation

omitted); *Marcaida v. Briscoe,* 569 F.2d 828, 831 (5th Cir. 1978); *D.C. v. Merit Systems Prot. Bd.,* 762 F.2d 129, 132 (D.C. Cir. 1985). Thus, Gasp need not state the "scope" of its intervention; once intervention is granted, it has equal rights as a party.

EPA nevertheless asks this Court to limit the scope of Gasp's participation, by, in essence, giving Gasp amicus status, limiting it to briefing and arguing opposition to the CD without discovery rights. However, nothing in the Clean Air Act or Federal Rule of Civil Procedure Rule 24 expressly allow this limitation. To support these limitations, EPA cites *United States v. Ketchikan Pulp Co.* 430 F. Supp. 83, 85 (D. Alaska 1977). Doc. 13 at 8. However, there the court refused the government's request to limit discovery: "Nothing in the [Clean Water Act] supports [the government's] theory of limited intervention. While [the intervenors] clearly are subject to the normal proscriptions of the Federal Rules regarding discovery and may not make oppressive demands the court will not prejudge their intentions for entry into this case." *Ketchikan Pulp Co.,* 74 F.R.D. 104, 108 (D. Alaska 1977). Similarly, nothing in the Clean Air Act supports limited intervention; citizens "may intervene as a matter of right." 42 U.S.C. § 7604(b)(1)(B).

EPA cites a few cases in which limitations on intervenors were granted,

based upon Advisory Committee notes to Rule 24.[1] However, even according to these cases such limitations must be "appropriate," "reasonable," and housekeeping in nature. *See, e.g.*, *Beauregard, Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 353 (5th Cir. 1997) (finding that requiring intervenors to follow the same rules as other parties was reasonable). In *United States v. S. Fla. Water Mgmt. Dist.*, discovery was permitted with limitations allowed on the methods of document production, responses to interrogatories, and the number of attorneys. 922 F.2d 704, 710 n.9 (11th Cir. 1991). None of the cases EPA cites support a limitation on intervention as broad as the one EPA requests. Only one case even considered a similar limitation, *District of Columbia v. Potomac Elec. Power Co.* 826 F. Supp.2d 227 (D.D.C. 2011), but it was not a case under the Clean Air Act, and limitations were put on amici curiae, not intervenors. *Id.* "Where other courts have imposed limits on the scope of intervention, the limitations have been purely 'reasonable conditions of a housekeeping nature.'" *Fla. Med. Ass'n, Inc. v. Dep't of Health, Educ., & Welfare,* No. 3:78-CV-00178-MMH, 2011 WL 4459926, at *5 (M.D. Fla. May 18, 2011). Denying intervenor the right to limited discovery

---

[1] Such limitations may not be within the discretion of the court. At least one circuit court and a leading commentator have noted that the text of Rule 24 (unlike the notes) does not allow limitations, and it is the text of Rule 24 that governs. *See, e.g.*, *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.,* 974 F.2d 450, 470 (4th Cir. 1992); 7C Charles Alan Wright & Arthur B. Miller, *Federal Practice and Procedure* § 1922 (3d ed. 2019 update) ("It seems very doubtful . . . that the court has the right to make significant inroads on the standing of an intervenor of right").

necessary to contest the CD would be overly broad and unreasonable. *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992) (denying intervenor all discovery was unreasonable).

Limiting the scope of Gasp's intervention now would also be inappropriate and unreasonable since Gasp has not determined the scope of discovery needed. *See United States v. The Doe Run Res. Corp.,* No. 4:10CV01895 JCH, 2011 WL 251093, at *4 (E.D. Mo. Jan. 25, 2011) (finding that limitations on discovery should be addressed after the parties proposing and opposing a CD had established a joint case management order); *Fla. Medical Ass'n, Inc.*, 2011 WL 4459926 at *5 (determining that limiting the scope of intervention "was procedurally improper and substantively unfounded."). The Court should grant Gasp's intervention and handle any objections to discovery if and when such requests and objections arise.

Contrary to the EPA's response, Gasp does not seek "further litigation," "unfettered" intervention, or an "alteration of the nature of the proceedings." Doc. 13 at 5-7. Rather, Gasp seeks to oppose the CD. In fact, because Gasp does not seek to enlarge the litigation, its claims are the same as the EPA's. *Compare* Doc. 1, *with* Doc. 12-4. To adequately oppose the CD, Gasp will need access to specific documents and experts. Gasp and the community it represents have been shut out of this process for years. *See* Doc. 7-6 at 9-10. Questions remain about the fairness of the CD. At a very minimum, Gasp is entitled to monitoring and inspection

documents and to question the declarants whose testimony is attached to the parties' Motion to Enter the Consent Decree.

EPA argues that "[f]urther litigation would substantially delay" the implementation of injunctive relief, such as the CD's Leak and Detection and Repair (LDAR) Program. Doc. 13 at 7. This is specious at best. After the Plaintiffs found significant benzene leaks in 2011, the parties spent eight years developing the CD terms, and another year before they asked to enter it without "materially altering" it. Doc. 13 at 3. It will not prejudice the parties to pause while limited discovery is conducted. Doc. 13 at 7. Further, according to EPA, Drummond has already "undertake[n] efforts to come into compliance with the applicable NESHAPs before lodging of the CD." Doc. 7-3 at 7. The LDAR program has already started and is almost completed, according to EPA. Doc. 2-1 at B-1-2. Gasp also desires to find the most expeditious, but effective remedy.

Finally, EPA asks for a briefing schedule consistent with this Court's Appendix III, non-summary judgment motion guidelines. Doc. 13 at 8. This briefing schedule, which allows ten pages for an initial brief and five pages for a reply, is for non-dispositive motions; in contrast, the entry of this CD will be potentially dispositive. Those page limits are not adequate to explain the complex issues in this CD. Accordingly, Gasp requests a scheduling conference to discuss briefing and limited discovery, after the Motion to Intervene is granted.

Respectfully submitted this the 7th day of February, 2020.

**s/ Sarah Stokes**
Sarah Stokes (ASB-1385-A55S)
Barry Brock (ASB-9137-B61B)
Southern Environmental Law Center
2829 Second Avenue S., Ste. 282
Birmingham, AL 35233
tel: (205) 745-3060
fax: (205) 745-3064
sstokes@selcal.org
bbrock@selcal.org

*Attorneys for Intervenor*

# CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I served the foregoing *Proposed Intervenor's Reply to Response on Motion to Intervene* with the Clerk of the Court using the CM/ECF system, which will serve notification of such filing to the parties below:

Andrew W. Ingersoll
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice 601 D Street NW Washington, DC 20004
202-514-1999
*andrew.ingersoll@usdoj.gov*

Robert W Caplan
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street
Atlanta, GA 30338
404-562-9520
*caplan.robert@epa.gov*

and by U.S. Mail to:
Ellen M. Mahan
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

*Attorneys for Plaintiff United States of America*

David S. Maxey
Wade C. Merritt
SPAIN & GILLON LLC
2117 Second Avenue North
Birmingham, AL 35203
*dsm@spain-gillon.com*
*wcm@spain-gillon.com*

*Attorneys for Plaintiff Jefferson County Board of Health*

Richard E. Davis
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
*red@starneslaw.com*

Robert B. McKinstry, Jr.
Romeade Farm
548 School House Road
Kennett Square, Pennsylvania 19348
Telephone: (484) 467-3207
*bobby@robertbmckinstryjr.com*

*Attorneys for Defendant Drummond Company Inc., d/b/a ABC Coke*

This the 7th day of February, 2020.

**s/ Sarah Stokes**

7