UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA, AND THE JEFFERSON COUNTY BOARD OF HEALTH,** )<br>)<br>)<br>)<br>   Plaintiffs, )<br>)<br>**v.** )<br>)<br>**DRUMMOND COMPANY, INC. D/B/A ABC COKE,** )<br>)<br>)<br>   **Defendant.** ) | Civil Action Number<br>**2:19-cv-00240-AKK** |

## MEMORANDUM OPINION AND ORDER

The United States (representing the Environmental Protection Agency) and the Jefferson County Board of Health filed this action against Drummond Company, Inc. for violations of the Clean Air Act (the "CAA") and Drummond's Title V permit. Doc. 1. The parties have resolved their dispute and have asked the court to approve their consent decree. Docs. 7-10. Shortly after the parties filed their motion to approve the consent decree, doc. 7, Gasp, "a nonprofit group focused on fighting air pollution," filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24(a). *See* doc. 12 at 1. The parties concede that Gasp has the statutory right to intervene under Rule 24(a)(1) and 42 U.S.C. §§ 7604(a)(1), 7604(b)(1)(B). *See* doc. 13 at 3. And they concede also that Gasp's motion is timely. *See* doc. 13 at 2 and Fed. R. Civ. P. 24(a)(1). The only issue of contention is the scope of the proposed

intervention, with Gasp contending it has the right to participate fully in this matter as a party. Doc. 16 at 2. On the other hand, the parties would like to constrain Gasp's intervention – basically to opposing the issuing of the consent decree and to appealing this court's decision. Doc. 13 at 2. After a full review of the motion, the briefings (docs. 12-16), and relevant case law, this court concludes that the motion to intervene is due to be granted.

## I.

The CAA provides a person a right to sue "on his own behalf— . . . against any person . . . who is alleged to have violated . . . an emission standard or limitation under this chapter . . . ," 42 U.S.C. § 7604 (a)(1), or who is "alleged to have violated . . . or to be in violation of any condition of [its] permit[,]" 42 U.S.C. § 7604 (a)(3). But no person or entity can commence a civil suit "if the Administrator or State has commenced and is diligently prosecuting a civil action . . . to require compliance with the standard, limitation, or order[.]" 42 U.S.C. § 7604(b)(1)(B). Instead, in that case, the entity or "person may intervene as a matter of right." *Id.* Indeed, courts have long recognized that "[t]he citizen suit provision of the Clean Air Act provides a right to intervene to enforce the law[.]" *Del. Valley Citizens' Council for Clean Air v. Pennsylvania,* 674 F.2d 970, 973 (3d Cir. 1982). Moreover, the right provided by Section 7604(b)(1)(B) is "an unconditional right to intervene" as required by Rule

24(a)(1) in these circumstances. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practice, & Products Liab. Litig.*, 894 F.3d 1030, 1039-1040 (9th Cir. 2018).

## II.

This lawsuit is before the court on the Environmental Protection Agency's and Jefferson County Board of Health's contentions against Drummond for "violations of the requirements of the CAA" and violations of its permit. Doc. 1 at §§ 1, 96-99. As a "person" for the purposes of the CAA, Gasp may intervene in this action as a matter of right. *See* 42 U.S.C. § 7604(b)(1)(B). Although the parties do not contest this right, the parties request nonetheless that the court limit the scope of Gasp's intervention. Doc. 13 at 2-3. In particular, the parties ask the court to limit Gasp "to only filing a brief in opposition to the motion to enter [the consent decree], participating in any oral argument, and having a right to appeal." *Id.* at 3. In support of their position, the parties note that this court has the power and discretion to place conditions on an intervenor's involvement in a case to a degree. *Id.*

The parties are generally correct, and, indeed, certain instances *require* that the court place conditions on an intervenor's participation in a case. But, the court's power and discretion have limits. A review of Eleventh Circuit case law shows the requested conditions are not within the power provided by Federal Rule of Civil Procedure 24, the court's inherent case management authority, or the CAA.

3

## A.

The plain text of Rule 24(a)(1) does not place any conditions on the intervenor's status. Fed. R. Civ. P. 24(a)(1). Further, "the [intervenors] are to be treated as original parties and stand on equal footing with the original parties." *Chiles v. Thornburgh*, 865 F.2d 1197, 1215 (11th Cir. 1989). *See also In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006) (same). Even so, an advisory committee note to Rule 24(a) suggests the court has power to place "appropriate conditions or restrictions [on an intervenor] responsive among other things to the requirements of the efficient conduct of the proceedings." Fed. R. Civ. P. 24(a) advisory committee note to the 1966 amendment. The Eleventh Circuit has adopted this view and acknowledged the court's power to place conditions on intervenors in several instances. *United States* v. *S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710, n. 9 (11th Cir. 1991) (citing the 1966 advisory committee note to Rule 24(a) and stating, "the District Court may choose to condition their intervention in the case on such terms as will be consistent with the fair, prompt conduct of this litigation."). But, it is unclear where this power ends, and, critically, the power is not unfettered. For example, the Eleventh Circuit has held that a grant of intervention "for the limited purpose of responding to [the defendant's] motion for injunctive relief" was improper. *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d at 1247, 1247, n.33. The

court noted, "we do not believe that a court may impose conditions that effectively rewrite" Rule 24. *Id.*

The court may, however, limit intervention to only those claims in which intervenors have a right to intervene.[1]  After all, "the scope of [an intervenor's] participation in the case should correspond with the scope of [the intervenor's] interest." *S. Fla. Water Mgmt. Dist.*, 922 F.2d at 707, n. 4.  Such a limitation follows "standard party practice" where "Defendants . . . right to participate in the case extends only to issues relating to the counts for which they are named parties." *Id.* at 707, n. 4.  But this limitation does not render the results the parties seek.  As the parties concede, Gasp is not attempting to expand the scope of the litigation at all.[2]  Consequently, this is not a situation where the court may "limit the ability of the intervening parties to expand the scope of a proceeding beyond the issues litigated by the original parties[.]" *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001).

---

[1] *See United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 707, 711 (11th Cir. 1991) (recommending the intervenor's involvement in the case be limited to those claims in which they had the right to intervene);  *see also Howard v. McLucas*, 782 F.2d 956, 959-961 (11th Cir. 1986) (holding the intervenors would be "limited to challenging the portion of the remedy" with which they had a right to intervene under Rule 24(a)).

[2] *See* doc. 13 at 4 ("Gasp's proposed complaint in intervention (DN 12-4) states the same claims for relief as the complaint filed in this matter by the United States and JCBH.").  To the extent the parties' Non-Opposition to the Motion is arguing that Gasp's intervention will "alter[] the nature of these proceedings[,]" such argument will be addressed in subsection D.  Doc. 13 at 5.

Put simply, under Rule 24(a)(1) and the relevant case law, Gasp has the right to intervene in the entire case.

**B.**

Prohibiting Gasp from filing a complaint or conducting discovery would exceed the court's discretionary case management authority. The parties are generally correct that the court has the authority to manage its docket. And, certainly, the court may place conditions that are related to its "management of pre-trial activities, including discovery and scheduling." *Johnson*, 263 F.2d at 1269 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.2d 1353, 1366 (11th Cir. 1997) and *United States* v. *McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996)). This includes placing limits on discovery, imposing deadlines, and other "housekeeping" matters.[3] Here, however, the parties have requested more than limitations related to case management. The parties want the court to foreclose Gasp from filing its complaint and conducting any discovery. Doc. 13 at 3. The court declines to do so because its case management discretion "is not unfettered," and this discretion should not "materially prejudice" "a litigant's rights[,]" *Chudasama*, 123 F.2d at 1366-67, especially where, as here,

---

[3] *See Howard*, 782 F.2d at 961 (recommending the district court "limit discovery narrowly to the single issue which intervenors are permitted to address and set and enforce strict time limits"); *S. Fla. Water Mgmt. Dist.*, 922 F.2d. at 710, n. 9 (suggesting the district court could "allow the other parties to produce documents in a single set for the [intervenors] to share . . . ," and "require the [intervenors] to respond to interrogatories regarding each of their members who claim an interest in the proceedings"); *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073, n. 7 (5th Cir. 1970) (noting the court may require an intervenor to contribute towards another party's attorney's fees when they have benefited from the other party's prosecution of the suit before they intervened).

the court has not entered any case management deadlines and discovery has not commenced.

## C.

The CAA also does not provide authority for limiting the scope of Gasp's intervention. Instead, as mentioned previously, the CAA allows intervention "in any such action . . . as a matter of right." *See* 42 U.S.C. § 7604(b)(1)(B). Section 7604(b)(1)(B) prohibits only the filing of a *separate citizen suit* "if the Administrator or State has commenced and is diligently prosecuting a civil action . . . ." *Id.* Therefore, because Gasp does not seek to file a separate lawsuit, it is irrelevant to the court's analysis that the EPA is already "diligently prosecuting" this action.[4]

## D.

Finally, the pending motion for entry of the consent decree does not change the analysis. Congress enacted the CAA citizen suit provision to allow citizens to "goad the responsible agencies to more vigorous enforcement of the anti-pollution standards . . . ." *Baughman v. Bradford Coal Co., Inc.*, 592 F.2d 215, 218 (3d Cir. 1979) (citing S. Rep. No. 1196, 91st Cong., 2d Sess. 2, 35-36 (1970) and 116 Cong. Rec. (1970) at pp. 32902, 32918). In doing so, Congress provided an unconditional

---

[4] *See* Doc. 13 at 2, n.1. ("Permitting the proposed complaint by Gasp to be filed, where the United States is already 'diligently prosecuting' the same claims, is not at all clear in light of the statutory bar under Section 304(b)(1)(B). . . The United States reserves its right to challenge any such pleadings . . . .").

right to citizens to intervene in actions filed by the government so that citizens can advocate for full enforcement of the CAA. 42 U.S.C. § 7604(b)(1)(B). That the government has reached a proposed settlement with the alleged tortfeasor does not change the analysis. In fact, where, as here, the parties agreed on settlement terms before the suit was filed, an argument can be made that a citizen's right to intervene may be even more essential. As GASP notes, the parties filed the proposed consent decree and the complaint on the same day. *See* docs. 1 & 2-1 (filed Feb. 8, 2019). After a period for public comment, the parties moved for the court to enter the consent decree. Doc. 7 (filed Jan. 14, 2020). Prior to this motion, allegedly, Gasp had no reason to believe the EPA and the Jefferson County Board of Health would not fully enforce the CAA (assuming, of course, Gasp is correct that the proposed consent decree does not fully enforce the CAA). Doc. 12 at 8. And shortly after the parties' motion to enter the consent decree, Gasp timely filed the motion to intervene. Doc. 12. In that respect, that a consent decree "has already been lodged" and "resolves all of the claims alleged in the complaint," docs. 13 and 14, is not a proper basis to limit Gasp's intervention. To hold otherwise would mean that the government and those bound by the CAA can limit an intervenor's ability to enforce the CAA by simultaneously filing a consent decree and a complaint. Such a practice would severely limit citizens' unconditional right to intervene and would thwart Congress's purpose in enacting Section 7604(b)(1)(B).

## III.

To close, Gasp has an unconditional, statutory right to intervene under Federal Rule 24(a)(1). There is no support under Rule 24(a)(1), the Eleventh Circuit precedent, or the CAA to impose the limitations the parties seek. Therefore, Gasp's motion to intervene, doc. 12, is **GRANTED**. Gasp may file its Proposed Complaint in Intervention, doc. 12-4, as a separate docket entry. The parties' Motion to Enter the Consent Decree, doc. 7, is **STAYED** pending a 90-day discovery period and is **SET** for a hearing at 3:30 p.m. on December 18, 2020.[5] Gasp's brief in opposition, if any, is due on December 7, 2020, and the Parties' replies, if any, are due December 15, 2020. Finally, a joint case management plan that factors in the November 30, 2020 cut-off for discovery is due by September 15, 2020.

**DONE** the 31st day of August, 2020.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[5] The court will continue to monitor the developments related to Covid-19 and will let the parties know by the end of November whether the hearing will be in person or by video conference.