## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and the JEFFERSON COUNTY BOARD OF HEALTH, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| and | ) ) | |
| GASP | ) ) | |
| Intervenor-Plaintiff | ) | Case No. 2:19-cv-00240-AKK |
| v. | ) ) | Opposed |
| DRUMMOND COMPANY, INC., d/b/a ABC COKE, | ) ) ) | |
| Defendant. | ) | |

**MOTION TO EXTEND DISCOVERY DEADLINE, HEARING DATE, AND STAY TO ENTER CONSENT DECREE**

Plaintiff-Intervenor Gasp respectfully asks this Court to grant a short three-month extension of the Court's present deadlines on discovery, briefs, and the hearing on Gasp's challenge of the Consent Decree. Dkt. 17. This short continuance is necessary for Gasp to complete tailored written discovery and obtain expert analysis and testimony on technical issues relating to the operation of the ABC Coke facility and the sufficiency of the Consent Decree. It is also necessary to avoid a scheduling conflict with Gasp's attorneys. The EPA,

1

Jefferson County Board of Health, and Drummond oppose this motion, refusing to agree to an extension request without knowing in advance what Gasp's discovery will be. Since Gasp was granted intervention on August 31, 2020, it has not yet completed its interrogatories and requests for production; and therefore, cannot provide the information requested by the other parties. Further, neither the Federal Rules of Civil Procedure nor any order of this Court require Gasp to provide this information at this time. The Eleventh Circuit stresses "the broad discretion district courts have in managing their cases." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). We request that this Court ensure that all parties are given an effective opportunity to conduct discovery.

1. This case is complex and important. The Court will determine whether the EPA and the Jefferson County Board of Health's Consent Decree that purports to stop years of illegal carcinogenic benzene emissions at Drummond's ABC coke plant is fair and reasonable. The Court will decide whether the Consent Decree is in the public interest and will prevent continuing emissions from affecting neighboring citizens.

2. To date, there has been no discovery propounded by any party. On August 31, the Court granted Gasp's motion to intervene and instructed that all discovery be completed by November 30. Dkt. 17. Gasp has an important responsibility to its members, citizens who live near the plant, and the Court, and it plans to

work as diligently as possible to ensure that the Court has all information necessary to determine whether the Consent Decree is fair and reasonable before the Court approves it.

3. Gasp has been working with the other parties on developing a case management plan, and that process has revealed that it will be very difficult if not impossible to complete written discovery, expert reports, and expert depositions in two and half months, given this complex matter. Gasp has retained an expert who requires key documents relating to the coke plant and operations before he can provide a complete report regarding the issues which have plagued the plant and, accordingly, the efficacy of the Consent Decree. Even if Gasp propounded written discovery requests as soon as the case management plan were issued (two competing versions are to be submitted for the Court's consideration on September 15), Gasp would not receive responses until mid to late October, at the earliest. Allowing a few weeks for the expert to review the documents and write his report, which is a very tight schedule, would mean the initial report would not be completed until mid- November, at the earliest, which would leave insufficient time for rebuttal reports and expert depositions. Specifically, the parties offering the Consent Decree had at one point requested 20 days to submit rebuttal expert reports after receipt of Gasp's expert report, which would likely place the date for such rebuttal reports beyond the Court's November 30

discovery deadline.

4. This request is not unreasonable and will not prejudice the parties to the Consent Decree. The regulating agencies have known about these benzene emissions for almost a decade and only in 2019 did they file a complaint and Consent Decree. A three-month extension is not unreasonable and is necessary to determine whether the Consent Decree does truly protect the neighboring citizens of future benzene emissions. It will not prejudice Drummond as it claims that it "has already completed the majority of improvements required by the Consent Decree." Dkt. 10.

5. Finally, the lawyers representing Gasp have a conflict with the brief and hearing dates. They also have an evidentiary hearing on an administrative appeal before the Alabama Environmental Management Commission scheduled for December 7-11, which conflicts directly with this case's brief deadline of December 7.

An extension of the discovery deadline, briefing deadlines, and the hearing date would give all parties adequate time to conduct needed document discovery, obtain expert reports and rebuttals, and complete depositions with sufficient time to receive transcripts and prepare briefs in advance of the hearing. Therefore, Gasp respectfully requests that the Court grant this motion and enter an Order extending the discovery deadline to February 28, 2021; the briefing deadline to March 15,

2021; and setting the hearing for an available date in April 2021, at which date this Court's stay for the Motion to Enter a Consent Order could be lifted. This would give all parties the opportunity to conduct effective discovery.

Respectfully submitted this 15th day of September.


**s/ Sarah Stokes**
Sarah Stokes (ASB-1385-A55S)
Barry Brock (ASB-9137-B61B)
Southern Environmental Law Center
2829 Second Avenue S., Ste. 282
Birmingham, AL 35233
tel: (205) 745-3060
fax: (205) 745-3064
sstokes@selcal.org
bbrock@selcal.org
*Attorneys for Intervenor Gasp*

# CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I served the foregoing *Motion to Extend Discovery Deadline, Hearing Date, and Stay* with the Clerk of the Court using the CM/ECF system, which will serve notification of such filing to the parties below:

Andrew W. Ingersoll
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
202-514-1999
*andrew.ingersoll@usdoj.gov*

Robert W Caplan
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street
Atlanta, GA 30338
404-562-9520
*caplan.robert@epa.gov*


*Attorneys for Plaintiff United States of America*

David S. Maxey
Wade C. Merritt
SPAIN & GILLON LLC
505 20th Street North
Suite 1200
Birmingham, AL 35203
*dsm@spain-gillon.com*
*wcm@spain-gillon.com*

*Attorneys for Plaintiff Jefferson County Board of Health*

Richard E. Davis
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
*red@starneslaw.com*

Robert B. McKinstry, Jr.
Romeade Farm
548 School House Road
Kennett Square, Pennsylvania 19348
Telephone: (484) 467-3207
*bobby@robertbmckinstryjr.com*

*Attorneys for Defendant Drummond Company Inc., d/b/a ABC Coke*

This the 15th day of September, 2020.

**s/ Sarah Stokes**