## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the JEFFERSON COUNTY BOARD OF HEALTH, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| and | ) |
| GASP | ) |
| Intervenor-Plaintiff | ) Case No. 2:19-cv-00240-AKK |
| v. | ) |
| DRUMMOND COMPANY, INC., d/b/a ABC COKE, | )<br>) |
| Defendant. | ) |

## PARTIES' JOINT CASE MANAGEMENT PLAN

Plaintiff in Intervention, Gasp, Inc., Plaintiffs the United States of America and the Jefferson County Board of Health ("JCBH"), and Defendant Drummond Company, Inc. d/b/a ABC Coke ("Drummond"), by and through their undersigned counsel, jointly submit this Joint Case Management Plan pursuant to this Court's order of August 31, 2020. Dkt. 17. The Court's order directs that discovery be completed by November 30, to be followed by Gasp's submission of an opposition

1

brief to the United States' pending motion (joined by the other settling parties) to enter the Consent Decree. Dkt. 17.

The parties to the action have conferred by telephone and email in good faith and with diligence in an effort to agree to a proposed joint case management plan. The parties were unable to agree upon nearly all aspects of what should be contained in the document. For this reason, the parties submit the following statements of their respective positions, separately attach proposed plans hereto, and request a conference with the Court.

Statement of Parties

*Statement of Settling Parties*

The parties to the underlying action ("Settling Parties") offer this statement to aid the Court's understanding of why they were not able to agree on a joint discovery plan with Gasp, and therefore reserve their right to brief the issues, including responding to argument presented by Gasp below, at such time as the Court deems appropriate.

At present, the Settling Parties have settled their dispute without litigation, as reflected by the lodged Consent Decree, Dkt. 2-1, and therefore have no need for undertaking discovery of each other.

Gasp's complaint in intervention does not, and cannot, expand beyond the claims contained in the underlying complaint filed by the United States and JCBH.

2

In these circumstances, where there will be no expansion of the claims already asserted, and no evidentiary hearing or trial, certain requirements of Fed.R.Civ.P. 26(f), are not applicable or included in the Settling Parties' proposed case management plan and order. The Settling Parties do not oppose some modest document discovery, but believe it should be constrained to not only reflect the short time-line the Court provided but also to reflect that hundreds of documents related to Drummond's facility, or the United States' enforcement efforts, were already provided to Gasp pursuant to FOIA. *See e.g.*, Dkt. 7-10 (Declaration of Lou Ann Gross in support of United States' Motion to Enter Consent Decree), ¶ 7. Because of the foregoing circumstances, the Settling Parties propose streamlining discovery. *See* Exhibit A, Settling Parties' Proposed Case Management Plan and Order.

In addition, Defendant intends to file a motion to dismiss Gasp's complaint, or for summary judgment. If such a motion is granted by the Court, the scope of discovery may be greatly reduced or eliminated altogether. For this reason, Settling Parties include a proposed deadline for submission of such a motion and propose a stay of discovery until such time as the Court rules on Defendant's motion, allowing all parties to conserve resources.

*Statement of Gasp*

Gasp's Proposed Case Management Plan, attached as Exhibit B, is being filed in conjunction with Gasp's Motion to Extend Deadlines. As stated in that Motion, even if the parties work as diligently as possible, the current timeframe allocated for discovery will make it difficult to complete expert reports. A three month extension is warranted to allow factual discovery to support a challenge to the Consent Decree.

If the Court denies the Motion to Extend Deadlines, Gasp respectfully moves the Court to adopt its Proposed Case Management Plan. This plan attempts to work within the constraints of the November 30 discovery deadline by limiting the Settling Parties' response time for written discovery so that Gasp can provide this information to its expert in time to secure a complete report (and for the Settling Parties to rebut this report) by the November 30 discovery deadline. Without having written discovery, an expert cannot write a full report on the efficacy of the Consent Decree nor on the issues that have overwhelmed the plant for at least a decade.

The parties fully briefed whether discovery should be "constrained" and "streamlined" in conjunction with Gasp's Motion to Intervene, and the Court rejected the Settling Parties' arguments on that subject. Now, the Settling Parties are attempting to effectively nullify the Court's Order by unilaterally limiting discovery through an overly restrictive Case Management Plan that doesn't allow

expert reports. This Court has already ruled that Rule 24(a)(1) and the Clean Air Act do not provide authority for limiting the scope of Gasp's intervention, and "Gasp has the right to enter into the entire case." Dkt. 17 at 7 and 9.

The Settling Parties claim that Gasp has received FOIA documents; and therefore, discovery should be limited. But these documents are incomplete; Gasp's expert will need information that was not requested in the FOIA request. The documents from this FOIA request are also dated – at this point, almost two years old. These FOIA documents were produced in an unorganized stream of documents, but not in response to any specific question or request. Finally, some of the documents are redacted, and they contain no privilege log. The documents are inadequate to replace written discovery that is needed prior to any expert reports. Most importantly, courts have distinguished FOIA from discovery. *See*, *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978); *Kleinerman v. U.S. Postal Serv.*, 100 F.R.D. 66, 68-69 (D. Mass. 1983) (ordered a party to respond to discovery even though it objected to it under FOIA; "[i]t would be anomalous if this Court permitted the defendants to use FOIA, a disclosure statute, as a shield to avoid discovery in a separate civil suit.").

Finally, Settling Parties wish to file dispositive and/or summary judgement motions, yet it has already been determined that Gasp has an unconditional right to intervene and to challenge the sufficiency of the Consent Decree. Dkt. 17. The

parties do not dispute this. Dkt. 17. The 90-day timeframe set by the Court does not allow time for dispositive motions and allowing such motions now would be inappropriate and prejudicial. If there was a legitimate dispute concerning Gasp's right to fully participate in the case, it should have been brought up in response to Gasp's Motion to Intervene. In any case, even if such motions were allowed, it would be unreasonable and unfair to stay discovery while these motions are being briefed as discovery would likely be required to determine the merits of these motions. It would therefore prejudice Gasp if dispositive motions were allowed and if discovery was stayed until these motions were briefed and determined. It appears the Settling Parties are attempting to re-litigate the Motion to Intervene and to forestall discovery to which this Court has already deemed Gasp entitled.

Conclusion

In consideration of the widely divergent views expressed in the alternative proposed discovery plans and the parties' inability to reach agreement on even the broad contours of case management, the parties respectfully request a conference with the Court, and the opportunity for briefing in advance of such hearing.

Dated: September 15, 2020

**s/ Sarah Stokes**
Sarah Stokes (ASB-1385-A55S)
Barry Brock (ASB-9137-B61B)
Southern Environmental Law Center
2829 Second Avenue S., Ste. 282
Birmingham, AL 35233

tel: (205) 745-3060  
fax: (205) 745-3064  
sstokes@selcal.org  
bbrock@selcal.org  
*Attorneys for Intervenor Gasp*

 /s/ Andrew W. Ingersoll

ANDREW W. INGERSOLL (Ca. Bar 221348)  
Trial Attorney  
Environmental Enforcement Section  
Environment and Natural Resources Division  
United States Department of Justice  
P.O. Box 7611  
Washington, D.C. 20044-7611  
Telephone: (202) 514-1999  
Fax: (202) 514-0097  
E-mail: andrew.ingersoll@usdoj.gov


OF COUNSEL:  
Robert Caplan  
U.S. Environmental Protection Agency, Region 4  
61 Forsyth Street  
Atlanta, GA 30338  
404-562-9520  
caplan.robert@epa.gov

*Attorneys for Plaintiff United States of America*


  /s/  Wade C. Merritt  
DAVID S. MAXEY   (Ala. Bar No. ASB-5361-X83D)  
WADE C. MERRITT (Ala. Bar No. ASB-9485-A49M)  
Attorneys for the Jefferson County Board of Health

OF COUNSEL:

SPAIN & GILLON, LLC
505 20th Street North
Suite 1200
Birmingham, AL 35203
(205) 328-4100
DMaxey@Spain-Gillon.com
WMerritt@Spain-Gillon.com

*Attorneys for Plaintiff Jefferson County Board of Health*

/s/ Richard E. Davis
Richard E. Davis (ASB-6685-A58R)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
*red@starneslaw.com*

/s/ Robert B. McKinstry, Jr.
Robert B. McKinstry, Jr.
Romeade Farm
548 School House Road
Kennett Square, Pennsylvania 19348
Telephone: (484) 467-3207
*bobby@robertbmckinstryjr.com*

*Attorneys for Defendant Drummond Company Inc., d/b/a ABC Coke*

# CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I served the foregoing *Motion to Adopt Proposed Case Management Plan and Order* with the Clerk of the Court using the CM/ECF system, which will serve notification of such filing to the parties below:

Andrew W. Ingersoll
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
202-514-1999
*andrew.ingersoll@usdoj.gov*

Robert W Caplan
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street
Atlanta, GA 30338
404-562-9520
*caplan.robert@epa.gov*

*Attorneys for Plaintiff United States of America*

David S. Maxey
Wade C. Merritt
SPAIN & GILLON LLC
505 20th Street North
Suite 1200
Birmingham, AL 35203
*dsm@spain-gillon.com*
*wcm@spain-gillon.com*

*Attorneys for Plaintiff Jefferson County Board of Health*

Richard E. Davis
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
*red@starneslaw.com*

Robert B. McKinstry, Jr.
Romeade Farm
548 School House Road
Kennett Square, Pennsylvania 19348
Telephone: (484) 467-3207
*bobby@robertbmckinstryjr.com*

*Attorneys for Defendant Drummond Company Inc., d/b/a ABC Coke*

This the 15th day of September, 2020.

**s/ Sarah Stokes**