

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA, and the JEFFERSON COUNTY BOARD OF HEALTH,** ) ) ) ) ) | **Civil Action No.: 2:19-cv-00240-AKK** |
| **Plaintiffs,** ) ) ) | |
| **and** ) ) | |
| **GASP,** ) ) | |
| **Intervenor-Plaintiff,** ) ) | |
| **v.** ) ) | |
| **DRUMMOND COMPANY, INC. d/b/a ABC COKE,** ) ) ) | |
| **Defendant.** ) | |

## ANSWER TO COMPLAINT IN INTERVENTION

Defendant Drummond Company, Inc. d/b/a ABC Coke ("Drummond") hereby

answers the Complaint of Intervenor Gasp ("Gasp").

## JURISDICTION

1.      This allegation sets forth a conclusion of law to which no response is

required.  Drummond specifically denies that this Court has jurisdiction over

Gasp's claims because Drummond has implemented all physical construction and

procedures for monitoring, repairs, record-keeping, and reporting required by the Consent Decree filed in this matter and by 40 C.F.R. Part 61 Subparts L, V and FF, such that Gasp and its members are not suffering any injury from Drummond's alleged conduct and there is no reasonable likelihood that they will be injured by the conduct alleged in Gasp's Complaint in Intervention in the future.  Gasp therefore lacks standing to bring the claims set forth in its Complaint in Intervention.

## VENUE

2.      This allegation sets forth a conclusion of law to which no response is required.   Admitted that Drummond does business and has its principal place of business in the Northern District of Alabama.

## PARTIES

3.      Drummond lacks sufficient knowledge to admit or to deny this allegation and it is therefore denied.

4.      Drummond lacks sufficient knowledge to admit or to deny this allegation and it is therefore denied.

5.      Drummond lacks sufficient knowledge to admit or to deny this allegation and it is therefore denied.  Drummond denies that any person's interests are being or will be adversely affected by air emissions from Drummond's plant governed by 40 C.F.R. Part 61, Subparts L, V and FF.

6.    Denied.

7.    Admitted.

8.    Admitted.

9.    Admitted.

## STATUTORY AND REGULATORY BACKGROUND

10.    This allegation sets forth a conclusion of law to which no response is required.

11.    This allegation sets forth a conclusion of law to which no response is required.

12.    This allegation sets forth a conclusion of law to which no response is required.

13.    This allegation sets forth a conclusion of law to which no response is required.

14.    This allegation sets forth a conclusion of law to which no response is required.

15.    This allegation sets forth a conclusion of law to which no response is required.

16.    Admitted.

17.    This allegation sets forth a conclusion of law to which no response is required.

18.     This allegation sets forth a conclusion of law to which no response is required.

## I. NESHAP for Benzene Emissions from Coke By-Product Recovery Plants – 40 C.F.R. Part 61, Subpart L

19.     This allegation sets forth a conclusion of law to which no response is required.

20.     This allegation sets forth a conclusion of law to which no response is required.

21.     This allegation sets forth a conclusion of law to which no response is required.

22.     This allegation sets forth a conclusion of law to which no response is required.

23.     This allegation sets forth a conclusion of law to which no response is required.

24.     This allegation sets forth a conclusion of law to which no response is required.

25.     This allegation sets forth a conclusion of law to which no response is required.

26.     This allegation sets forth a conclusion of law to which no response is required.

27.     This allegation sets forth a conclusion of law to which no response is required.

28.     This allegation sets forth a conclusion of law to which no response is required.

## II. NESHAP for Equipment Leaks (Fugitive Emission Sources) –40 C.F.R Part, 61, Subpart V

29.     This allegation sets forth a conclusion of law to which no response is required.

30.     This allegation sets forth a conclusion of law to which no response is required.

31.     This allegation sets forth a conclusion of law to which no response is required.

32.     This allegation sets forth a conclusion of law to which no response is required.

33.     This allegation sets forth a conclusion of law to which no response is required.

34.     This allegation sets forth a conclusion of law to which no response is required.

35.     This allegation sets forth a conclusion of law to which no response is required.

36.    This allegation sets forth a conclusion of law to which no response is required.

37.    This allegation sets forth a conclusion of law to which no response is required.

38.    This allegation sets forth a conclusion of law to which no response is required.

39.    This allegation sets forth a conclusion of law to which no response is required.

### III. NESHAP For Benzene Waste Operations – 40 C.F.R. Part 61, Subpart FF

40.    This allegation sets forth a conclusion of law to which no response is required.

41.    This allegation sets forth a conclusion of law to which no response is required.

42.    This allegation sets forth a conclusion of law to which no response is required.

43.    This allegation sets forth a conclusion of law to which no response is required.

44.    This allegation sets forth a conclusion of law to which no response is required.

45.     This allegation sets forth a conclusion of law to which no response is required.

46.     This allegation sets forth a conclusion of law to which no response is required.

47.     This allegation sets forth a conclusion of law to which no response is required.

48.     This allegation sets forth a conclusion of law to which no response is required.

49.     This allegation sets forth a conclusion of law to which no response is required.

### IV. Title V Permit

50.     This allegation sets forth a conclusion of law to which no response is required.

51.     This allegation sets forth a conclusion of law to which no response is required.

52.     Admitted.

53.     Admitted, with the exception of the allegation regarding the current permit, which is denied.  Drummond's current permit was reissued on April 17, 2019 and will expire on April 16, 2024.

54.    This allegation sets forth a conclusion of law to which no response is required.

55.    This allegation sets forth a conclusion of law to which no response is required.

## FACTUAL BACKGROUND

56.    Admitted.

57.    Admitted.

58.    Admitted that, at various times, Drummond has entered into consent decrees and settlement agreements with EPA and that EPA has issued notices of violation, including notices of violation leading to the settlement embodied in the Consent Decree before the Court.  The remainder of this allegation is insufficiently specific to allow an answer and is therefore denied.

59.    Admitted that ADEM and EPA have, at times, issued notices of violation of the Clean Water Act to Drummond.  The remainder of this allegation is insufficiently specific to allow an answer and is therefore denied.

60.    Admitted  that the Facility produces coke through a destructive distillation process in which coal is heated in ovens. The volatile materials in the heated coal are removed from the ovens as coke oven gas ("COG"). COG is processed to remove desired byproducts and waste materials and then the gas is combusted in

boilers to produce steam for the facility and in the coke ovens to heat the coal. The characterization of coke is denied.

61.    Admitted.

62.    Admitted.

63.    Admitted.

64.    Admitted.

65.    Admitted.

66.    Admitted.

67.    Admitted.

68.    Admitted.

69.    Admitted that Drummond submitted responses to EPA's RFI between March 8, 2012 and June 19, 2012.  The remainder of this allegation constitutes a conclusion of law to which no response is necessary.  The responses speak for themselves.

70.    Admitted the EPA and JCDH conducted a follow up inspection in 2014, which resulted in allegations of certain violations of the Clean Air Act, which have been resolved by the actions that Drummond took following that inspection and those further required by the Consent Decree.  Drummond had implemented all construction and procedures to assure compliance with the Consent Decree and the applicable benzene NESHAPs before the Complaint in Intervention was filed.

71.    Denied.

72.    Admitted that EPA found leaks in the August 14-17 inspection but that those leaks were promptly closed or other repairs required by the benzene NESHAPs were made within the period required by the pertinent regulations,  so that these findings did not constitute violations of any regulation.

73.    Admitted.

74.    Admitted that EPA and JCDH filed the complaint in this action and lodged the Consent Decree now at issue.  The remainder of this allegation is denied.

75.    Admitted that EPA published notice of the Consent Decree in the Federal Register pursuant to 42 U.S.C. § 7413(g) and 28 C.F.R. § 50.7 on February 14, 2019 at 84 Fed. Reg. 4101, and extended the minimum 30-day comment period required by the statute four times to July 17, 2019.  *See*, 84 Fed. Reg. 9,560 (March 15, 2019); 84 Fed. Reg. 16,038 (April 17, 2019), 84 Fed. Reg. 22168 (May 16, 2019); 84 Fed. Reg. 28075 (June 17, 2019).  Upon information and belief, the United States extended the comment period several times to allow EPA and the Justice Department to provide extensive information to Gasp.  Drummond lacks sufficient knowledge to admit or to deny the remainder of this allegation and it is therefore denied.

76.    Admitted.  Gasp's comments speak for themselves.

77.    Admitted.  It is further admitted that EPA and the Attorney General each considered Gasp's comments and found, in accordance with 42 U.S.C. § 7413(g), that, with the exceptions noted, "the comments [did not] disclose facts or considerations which indicate that such consult is inappropriate, improper, inadequate or inconsistent with the requirements of" the Clean Act.  Although EPA and the Attorney General did consider and rejected Gasp's comments on civil penalties, section 113(g) provides further that "[n]othing in this subsection shall apply to civil or criminal penalties under this chapter."  42 U.S.C. § 7413(g).

Drummond's responses to paragraphs 1 through 77 are repeated and incorporated herein by reference.

### CLAIM ONE

### (NESHAP Subpart L for Benzene Emissions from Coke By-Product Recovery)

78.    This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond had sealed all openings subject to Subpart L more than five years before either the United States filed the original complaint in this action or Gasp filed its Complaint in Intervention. Therefore, Gasp's claims for injunctive relieve and penalties are barred by the five-year statute of limitations, 28 U.S.C. §2462.   Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

79.     This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

80.     This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

81.     This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

82.     This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

83.     This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

84.    This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

85.    This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

## CLAIM TWO

### (NESHAP Subpart V for Equipment Leaks)

86.    This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

87.    This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

88.    This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations

occurred that were not barred by the statute of limitations applicable to Gasp's claims.

89.    This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

90.    This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

91.    This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

92.    This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

93.    This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations

occurred that were not barred by the statute of limitations applicable to Gasp's claims.

94.     This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

95.     This allegation sets forth a conclusion of law to which no response is required.  Notwithstanding the foregoing, Drummond denies that any violations occurred that were not barred by the statute of limitations applicable to Gasp's claims.

## CLAIM THREE

### (NESHAP Subpart FF for Benzene Waste Operations)

96.     This allegation sets forth a conclusion of law to which no response is required.

97.     This allegation sets forth a conclusion of law to which no response is required.

98.     This allegation sets forth a conclusion of law to which no response is required.

99.     This allegation sets forth a conclusion of law to which no response is required.

100.   Denied.

101.   Denied.

102.   Denied.

103.   This allegation sets forth a conclusion of law to which no response is required.

104.   This allegation sets forth a conclusion of law to which no response is required.

105.   This allegation sets forth a conclusion of law to which no response is required.

106.   This allegation sets forth a conclusion of law to which no response is required.

107.   This allegation sets forth a conclusion of law to which no response is required.

108.   This allegation sets forth a conclusion of law to which no response is required.

109.   Denied.  Drummond had implemented all physical construction and procedures for monitoring, repairs, record-keeping, and reporting required by the Consent Decree filed in this matter and by 40 C.F.R. Part 61 Subparts L, V and FF before that Complaint was filed, so there is no reasonable likelihood that any violations alleged in the Complaint will recur.

110.   This allegation sets forth a conclusion of law to which no response is required.

## CLAIM FOUR

## (Title V Permit)

111.   This allegation sets forth a conclusion of law to which no response is required.

112.   This allegation sets forth a conclusion of law to which no response is required.

113.   Denied.  Drummond had implemented all physical construction and procedures for monitoring, repairs, record-keeping, and reporting required by the Consent Decree filed in this matter and by 40 C.F.R. Part 61 Subparts L, V and FF before this Complaint was filed, so there is no reasonable likelihood that any violations alleged in the Complaint will recur.

114.   This allegation sets forth a conclusion of law to which no response is required.

## AFFIRMATIVE DEFENSES

115.   Beginning with the meeting following the 2011 inspection of Drummond's Facility, Drummond has worked proactively with EPA and JCBH to determine the applicability of 40 C.F.R. Part 61, Subparts L, V and FF to Drummond's complex

process, to eliminate violations where the settling parties agreed and to undertake measures that would otherwise eliminate the settling parties' differences.

116.   There is no evidence that the violations of 40 C.F.R. Part 61, Subparts L, V and FF that EPA has alleged have resulted in emissions that have affected the air where Gasp's members live and travel.

117.   Drummond began making physical improvements and implementing procedures to assure compliance with all requirements of 40 C.F.R. Part 61, Subparts L, V and FF following the 2011 inspection.

118.   On or before EPA and JCBH inspected the Facility on May 21, 2014, Drummond had sealed all equipment required by 40 C.F.R. Part 61, Subparts L and V and had instituted procedures and internal controls to eliminate any alleged violations of those Subparts.  EPA and JCBH found that Drummond remained in compliance with those requirements in the follow-up inspection in 2018.

119.   By October 2015, the United States and Drummond were in constructive discussions regarding the remaining issues and entered into a series of tolling agreements to allow them to resolve those issues and to negotiate the final terms and language of a consent decree.

120.  The tolling agreements, as provided by the final amended tolling agreement, attached hereto and incorporated herein as Exhibit A, provided that the period between October 15, 2015, and February 1, 2019, "shall not be included in

computing the running of any statute of limitations potentially applicable to any action brought by the United States on the Tolled Claims."

121.   The final amended tolling agreement and each preceding tolling agreement provided "[t]his Agreement is not intended to benefit or affect any claims by or against third parties."

122.   Notwithstanding the absence of a final consent decree, Drummond continued to make physical improvements in its Facility and to implement procedures that would assure compliance with Settling Parties' conceptual agreement.

123.   At all pertinent times after 2011, Gasp and its members were aware or, through reasonable due diligence, could have become aware of the nature of the claims of the United States and JCDH in this matter.

124.   Neither Gasp nor any of its members at any time filed a notice of intent to commence a citizen suit pursuant to 42 U.S.C. § 7604 to address the alleged violations.

125.   Drummond had completed all physical construction and implemented all procedures required to achieve compliance with the proposed Consent Decree and 40 C.F.R. Part 61, Subparts L, V and FF before August 31, 2020.

126.   As a result of Drummond's implementation of the provisions of the Consent Decree and its having achieved compliance with 40 C.F.R. Part 61, Subparts L, V

and FF before August 31, 2020, there is no reasonable possibility that Gasp or its members will suffer injury from any of the violations alleged in Gasp's Complaint in Intervention.

127.   Gasp and its members lack standing to bring the causes of action alleged in Gasp's Complaint in Intervention.

128.   Gasp's claims are barred by the applicable statute of limitations, 28 U.S.C. § 2162.

129.   Gasp's claims are barred by laches, due to its failure to assert them while the parties negotiated the Consent Decree and Drummond implemented the terms of the proposed Consent Decree.

130.   Gasp's claims are barred by equitable estoppel due to its failure to assert them while the parties negotiated the Consent Decree and Drummond implemented the terms of the proposed Consent Decree.

131.   Gasp's claims are barred by waiver, due to its failure to assert them while the parties negotiated the Consent Decree and Drummond implemented the terms of the proposed Consent Decree.

132.   Gasp's claims relating to the sufficiency of the civil penalty negotiated by the parties and incorporated into the proposed Consent Decree are barred by 42 U.S.C. § 7414(g).

WHEREFORE, Drummond requests that this Court enter judgement against Gasp and enter the proposed Consent Decree.

This 21st day of September, 2020.

/s/ Richard E. Davis
Richard E. Davis (ASB-6685-A58R)

Of Counsel
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone:  (205) 868-6000
Facsimile:   (205) 868-6099
red@starneslaw.com

/s/ Robert B. McKinstry, Jr.
ROBERT B. McKINSTRY, JR.

Of Counsel
Environmental and Climate Law & Consulting
Romeade Farm
548 School House Rd.
Kennett Square Pa. 19348
Telephone: 484-467-3207
bobby@robertbmckinstryjr.com

*Attorneys for Drummond Company, Inc. d/b/a ABC Coke*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Answer to Complaint in Intervention has been filed with the Clerk of the Court using the CM/ECF system which is supposed to send electronic notification of such filing to counsel of record below:

Andrew W. Ingersoll, Esq.
Robert W. Caplan, Esq.
Environmental Enforcement Section
Environment and Natural Resources
Division
U.S. Department of Justice
601 D Street NW
Washington, DC 20004
andrew.ingersoll@usdoj.gov
caplan.robert@epa.gov

David S. Maxey, Esq.
Wade C. Merritt, Esq.
SPAIN & GILLON LLC
2117 Second Avenue North
Birmingham, AL 35203
dsm@spain-gillon.com
wcm@spain-gillon.com

Sarah Stokes, Esq.
Southern Environmental Law Center
2829 2nd Avenue South, Suite 282
Birmingham, Alabama 25233
sstokes@selcal.org

and by U.S. Mail to:

Ellen M. Mahan, Esq.
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

This 21st day of September, 2020.

/s/ Richard E. Davis
Of Counsel