FILED
2020 Sep-21 PM 12:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

AMENDED TOLLING AGREEMENT
FOR CLAIMS UNDER THE CLEAN AIR ACT
RELATING TO DEFENDANT DRUMMOND COMPANY, INC. D/B/A ABC COKE'S
FACILITY IN BIRMINGHAM, ALABAMA

The United States, on behalf of the United States Environmental Protection Agency, contends that it has a cause of action pursuant to Section 113 of the Clean Air Act ("CAA"), 42 U.S.C. § 7413, against Drummond Company, Inc. d/b/a ABC Coke ("Defendant") for, *inter alia*, violations of the National Emissions Standard for Hazardous Air Pollutant ("NESHAP") for Benzene Emissions from Coke By-Product Recovery, 40 C.F.R. Part 61, Subpart L; NESHAP for Equipment Leaks, 40 C.F.R. Part 61, Subpart V; NESHAP for Benzene Waste Operations, 40 C.F.R. Part 61, Subpart FF; and for related violations of its CAA Title V Permit at its facility in Birmingham, Alabama (the "Tolled Claims"). The Defendant disputes and denies the Tolled Claims.

The United States and Defendant ("Parties") enter into this Amended Tolling Agreement to facilitate settlement negotiations between the Parties within the time period provided by this Agreement, without thereby altering the claims or defenses available to any Party hereto, except as specifically provided herein.

The Parties, in consideration of the covenants set out herein, agree as follows:

1. Notwithstanding any other provision of this Amended Tolling Agreement, the period commencing on October 15, 2015 and ending on February 1, 2019, inclusive (the "Tolling Period"), shall not be included in computing the running of any statute of limitations potentially applicable to any action brought by the United States on the Tolled Claims.

2. Any defenses of laches, estoppel, or waiver, or other similar equitable defenses based upon the running or expiration of any time period shall not include the Tolling Period for the Tolled Claims.

3. Defendant shall not assert, plead, or raise against the United States in any fashion, whether by answer, motion or otherwise, any defense of laches, estoppel, or waiver, or other similar equitable defense based on the running of any statute of limitations or the passage of time during the Tolling Period in any action brought on the Tolled Claims.

4. This Amended Tolling Agreement does not constitute any admission or acknowledgment of any fact, conclusion of law, or liability by any Party to this Amended Tolling Agreement. Nor does this Tolling Agreement constitute any admission or acknowledgment on the part of the United States that any statute of limitations, or similar defense concerning the timeliness of commencing a civil action, is applicable to the Tolled Claims. The United States reserves the right to assert that no statute of limitations applies to any of the Tolled Claims and that no other defense based upon the timeliness of commencing a civil action is applicable. The Defendant reserves the right to assert all of its defenses, including those related to the timeliness of any civil action commenced, except as specified in this agreement.

5. This Amended Tolling Agreement may not be modified except in a writing signed by all the Parties. The Parties acknowledge that this Amended Tolling Agreement may be extended for such period of time as the Parties agree to in writing.

6. It is understood that the United States may terminate settlement negotiations and commence suit at any time, upon provision of written notice to defendant and its counsel ten (10) days in advance. Where the United States elects to terminate negotiations under this Paragraph, the Tolling Period shall continue for the duration set forth in Paragraph 1. Nothing herein shall preclude the commencement of any action by the United States to protect the public health, welfare, or the environment without provision of advance notice.

7. This Amended Tolling Agreement does not limit in any way the nature or scope of any claims that could be brought by the United States in a complaint against Defendant or the Defenses that may be raised by Defendant, or the date on which the United States may file such a complaint, except as expressly stated herein.

8. This Agreement is not intended to benefit or affect any claims by or against third parties.

9. The Parties acknowledge that federal law imposes an obligation to implement a litigation hold when litigation is reasonably anticipated. The Parties agree that at least as of the date of this agreement, they reasonably anticipate litigation over the Tolled Claims.

10. This Amended Tolling Agreement is effective upon execution by the Defendant, and without the requirement of filing with the Court, and may be signed in counterparts.

11. This Amended Tolling Agreement contains the entire agreement between the Parties, and no statement, promise, or inducement made by any Party to this Amended Tolling Agreement that is not set forth in this Amended Tolling Agreement shall be valid or binding, nor shall it be used in construing the terms of this Amended Tolling Agreement as set forth herein.

12. The undersigned representative of each of the Parties certifies that he or she is fully authorized to enter into the terms and conditions of this Amended Tolling Agreement and to legally bind such party to all terms and conditions of this document. This Amended Tolling Agreement shall be binding upon the United States, acting on behalf of the United States Environmental Protection Agency, and upon Defendant and its successors.

13. This Amended Tolling Agreement may not be used by any Party except to enforce to obligations specified in this Tolling Agreement.

SIGNATURES

The United States, on behalf of the United States Environmental Protection Agency, consents to the terms and conditions of this Tolling Agreement by its duly authorized representatives on this 14- day of December, 2018.

_____
HENRY FRIEDMAN
Assistant Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

Defendant consents to the terms and conditions of this Tolling Agreement by its duly authorized representative on this 15th day of December, 2018.

By: _____
Blake D. Andrews
General Counsel and Vice President
Drummond Company, Inc.